SWAIN, J.
I dissent. The presumptions in Health and Safety Code, section 11227, apply here because there is evidence that the defendant received and has had in his possession a greater amount of narcotics than is accounted for by any record required by law. There is no merit to the claim that the corporation, not the defendant, received the demerol. He testified that he ordered it and that he received it. Furthermore he was the president, one of three stockholders (the other two being his wife and her mother), and the only permanent pharmacist of the corporation. It is clear that he was also managing agent. The law is well settled that one who is a stockholder, director and superintendent of operations of a corporation had such possession of personal property being purchased by the corporation under a lease contract as to bring him within the provisions of Penal Code, section 504a. (People v. Brock (1937), 21 Cal.App.2d 601, 612 [70 P.2d 210].)
Inasmuch as the defendant had sufficient “possession” of the demerol to make the presumptions of Health and Safety Code, section 11227, applicable, it devolved on him to explain the shortage. This he did not do and under this section the jury was entitled to conclude that all elements of the crime were proved and that the defendant personally was guilty.
I do not agree that the order from which the appeal is taken should be reversed because the court defined “dispense” in the language of Health and Safety Code, section 29003.6. (Note: In 1955 Health and Safety Code, section 29003.6 was repealed and substantially reenacted as Business and Professions Code, section 4214.) “Dispense” as defined by the court was limited to narcotics dispensed under a prescription. This narrowing, if an error, was favorable to the defendant and therefore not reversible. However, under Health and Safety Code, section 11227, if a prescription was a prerequisite to guilt, the jury was entitled to presume there were prescriptions for the missing demerol.
I would affirm the order from which the appeal is taken.